IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-169-FL

| NOEL A. DALE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM & RECOMMENDATION** |
| TIME WARNER CABLE, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [DE #12]. Plaintiff did not file a response, and the time for further filings has expired. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendant's motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for a memorandum and recommendation. For the reasons set forth below, it is recommended that Defendant's motion be granted and that Plaintiff's complaint be dismissed in its entirety.

## BACKGROUND

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging that he was discriminated against in his employment with Time Warner Cable based on his race and religion.

Plaintiff states that "[u]pon providing [Time Warner] with concern based on my religious beliefs, they required me to be fingerprinted as a condition of employment." (Compl. [DE #6] at 4.) Plaintiff alleges that the discrimination occurred on or about July 20, 2012. Plaintiff filed his complaint in April 2014.

DISCUSSION

I.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief may be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th. Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A

complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Analysis

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). In order to state a Title VII claim of discrimination, a plaintiff must allege facts sufficient to put the defendant on notice that he is claiming he experienced an adverse employment action due to purposeful discrimination based upon religion or race. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996). It is not necessary that the plaintiff allege each and every element required to establish a prima facie case so long as the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level" and have "enough facts

3

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Plaintiff's complaint fails to provide fair notice of the basis of his claims. Plaintiff claims that the alleged act of discrimination occurred on July 20, 2012, and that "[u]pon providing [Time Warner] with concern based on my religious beliefs, they required me to be fingerprinted as a condition of employment." (Compl. at 4.) However, he does not include any facts to support a claim of religious or racial discrimination. He describes three individuals that allegedly discriminated against him, but provides no facts concerning specific instances of discrimination. Plaintiff also does not provide a description of his own race or religion, nor does he explain how he may have been treated differently from similarly situated employees. Rather, the allegations contained in Plaintiff's complaint are so vague that Defendants are left to speculate as to the basis of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss [DE #12] be GRANTED and Plaintiff's complaint be DISMISSED in its entirety.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the

4

proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 4th day of December 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge