IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-169-FL

| | | |
|---|---|---|
| NOEL A. DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TIME WARNER CABLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 12). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank (the "magistrate judge") entered a memorandum and recommendation ("M&R") wherein it is recommended that defendant's motion be granted. Plaintiff has filed objections to the M&R, and defendant has responded. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation in the M&R.

**BACKGROUND**

Plaintiff commenced this action on March 19, 2014, by filing a motion for leave to proceed *in forma pauperis*, attaching a copy of his proposed complaint. He subsequently filed an amended motion for leave to proceed *in forma pauperis* on April 4, 2014. The amended motion was referred to the magistrate judge, who granted the motion in order dated April 8, 2014. Defendant filed its motion to dismiss plaintiff's complaint on May 12, 2014. Plaintiff subsequently filed motions for extensions of time to file a response and to appoint counsel. (DE 16, 17). In an order dated June

9, 2014, the court denied plaintiff's motions to the extent they sought the court to appoint counsel, but directed the pro bono coordinator for the clerk of court to refer the case to the pro bono panel for consideration. The court allowed plaintiff's motions to the extent they sought an extension of time for plaintiff to respond, setting a new response deadline of July 24, 2014. No counsel entered an appearance, and plaintiff did not submit a response by the deadline. The M&R issued December 4, 2014. Plaintiff filed objection 18 days later, and defendant subsequently responded.

The complaint alleges that plaintiff was employed by defendant from March 25, 2011 to August 26, 2012. It provides the names and positions of three individuals who allegedly discriminated against plaintiff during his employment. Plaintiff alleges that he was discriminated against on the basis of his race and religion. He alleges that defendant's acts concern the failure to give him employment, the termination of his employment, the failure to promote him, and "discrimination based on religious beliefs." (Compl. ¶ 4) (DE 6). Plaintiff's allegations regarding the nature of the discrimination, in full, provide: "[u]pon providing them with concern based on my religious beliefs, they required me to be fingerprinted as a condition of employment." (Id., ¶ 9).

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id.

B.  Analysis

The M&R recommended that plaintiff's complaint be dismissed because the complaint failed to include sufficient facts to support a claim of racial or religious discrimination. In his objections, plaintiff does not address the substance of the M&R's findings or recommendations, but rather makes new allegations concerning his race, his religious beliefs, and the circumstances of his discrimination. These allegations fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations," Orpiano, 687 F.2d at 47. Rather, they further affirm the M&R's finding that plaintiff's original complaint failed to allege sufficient facts to state a claim.

To the extent plaintiff seeks the court to consider these additional allegations in the course of making a determination as to whether he states a claim, such new allegations are not properly considered in the context of an objection to the M&R. See Beck v. Durham, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the allegations stated in the Complaint, Plaintiff cannot attempt to create claims for retaliation and constructive discharge in his response to Defendants' Motions to Dismiss."); see also Luther v. Wells Fargo Bank, N.A., No. 4:13-CV-72, 2014 WL 3728173, at *3 (W.D. Va. July 24, 2014) ("Plaintiff cannot use his objections to plead new claims or cure the factual defects of his existing claims."); Backus v. Cox, No. 4:13-CV-881, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) (same); Grant v. Time Warner Cable, No. 3:13-CV-51, 2013 WL 1964546, at *1 (W.D.N.C. May 10, 2013) ("Factual contentions raised for the first time in an objection to an M&R are not properly considered."); White v. United States, 4:06-CR-68-FL, 2012 WL 3023392, at *2 (E.D.N.C. July 24, 2012) ("The court will not review arguments which are tantamount to new claims when they are asserted for the first time in a party's objections to a magistrate judge's recommendation.").

Without specific objections to the magistrate judge's findings or recommendations, the court reviews only for "clear error." Diamond, 416 F.3d at 315. Here, the court finds no clear error in the M&R's findings or recommendations. It therefore adopts the M&R's recommendation to grant defendant's motion to dismiss plaintiff's complaint.

Nevertheless, the court remains mindful that, "a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable." McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009). On the present record, particularly in light of additional allegations made in plaintiff's objections as to the circumstances of the religious discrimination, the court cannot determine that the deficiencies

4

in plaintiff's complaint are incurable. Plaintiff is DIRECTED to file within 30 days an amended complaint stating with greater particularity the facts to support his claims. Plaintiff is reminded that his amended complaint must comply with Rule 8. In addition, plaintiff is on notice that any amended pleading will constitute the complaint in its entirety, and the court will not comb his previous filings to glean any misplaced claims. Finally, plaintiff shall serve the amended complaint upon defendant.

## CONCLUSION

Based on the foregoing, upon finding that plaintiff's objections fail to trigger *de novo* review of any portion of the M&R, and upon considered review of the remaining portions of the M&R, the court ADOPTS the recommendation of the magistrate judge. Defendants' motion to dismiss (DE 12) is GRANTED. Plaintiff is DIRECTED to file an amended complaint within 30 days of the entry of this order, and shall serve the amended complaint on defendant.

SO ORDERED this the 9th day of March, 2015.

LOUISE W. FLANAGAN
United States District Judge