IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-169-FL

| | | |
|---|---|---|
| NOEL A. DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TWC ADMINISTRATION LLC s/h/a | ) | |
| Time Warner Cable, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that the instant motion be granted. Plaintiff filed objections and defendant responded. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and grants the instant motion.

**STATEMENT OF THE CASE**

Plaintiff filed complaint pro se, as amended April 10, 2015, alleging that defendant discriminated against him on the basis of race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., in connection with plaintiff's refusal on religious grounds to be fingerprinted for his position with defendant. Plaintiff also raises a claim under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 ("NCEEPA"). Plaintiff seeks relief from defendant including back pay, compensatory and punitive damages, as well as declaratory and equitable relief.

In support of the instant motion, defendant relies upon: (1) the affidavit of Tonya Spivey ("Spivey"), senior manager of human resources for defendant's sales organization in eastern North Carolina and exhibits thereto pertaining to plaintiff's employment with defendant (DE 34-1); and (2) excerpts of plaintiff's deposition and exhibits thereto. (Id.). In response, plaintiff relies upon the affidavit of Raymond Green, a former employee of defendant (DE 37-1), and his own affidavit (DE 38). Accompanying its reply, defendant attaches an affidavit of M. Davis, manager of corporate legal affairs for defendant (DE 41-1), and a supplemental affidavit of Spivey (DE 41-2). Accompanying his surreply, plaintiff attaches court filings in other federal cases in the U.S. District Court for the Western District of North Carolina. (DE 45-1, 45-2).

The court incorporates by reference herein the statement of facts set forth in the M&R (DE 49 at 2-4).

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other discovery materials properly before the court demonstrates "that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S.654, 655 (1962).

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . .and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast,

3

when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.     Analysis

Plaintiff objects to the magistrate judge's determination that defendant is entitled to summary judgment on plaintiff's claim that defendant failed to reasonably accommodate his religious beliefs.[1] Upon de novo review of plaintiff's claim, the record, and the M&R, the court adopts and incorporates herein as its own the magistrate judge's thorough discussion of this claim. Defendant met its burden on the record presented to demonstrate that a reasonable accommodation was not possible without causing undue hardship upon its business, and plaintiff has not presented evidence creating a genuine issue of material fact as to this issue. See E.E.O.C. v. Firestone Fibers & Textiles Co., 515 F.3d 307, 314-15 (4th Cir. 2008).

The court writes separately to address an issue raised by plaintiff's objections. Plaintiff objects to the magistrate judge's reliance upon an internal policy of "Time Warner Cable" as evidence that defendant could not reasonably accommodate plaintiff with a transfer to another position where he was not in "good standing" under the policy. (DE 34-1). Plaintiff objects to consideration of this policy because, he contends, he was employed by an entity, Time Warner Entertainment – Advance Newhouse Partnership, that was not subject to the policy requirements. The policy terms on their face, however, along with defendant's evidence regarding its own corporate structure, belie this assertion. (See DE 34-1; DE 41-1). In addition, plaintiff's arguments regarding defendant's corporate relationships and the admissibility of the policy are red herrings.

---

[1] Plaintiff does not raise specific objections to the M&R's recommendation to grant summary judgment to defendant on plaintiff's claim of discrimination on the basis of failure to promote and wrongful termination. (DE 49 at 8-11). Upon careful review of the record and the M&R, the court adopts and incorporates herein the M&R's discussion of such claims.

4

Plaintiff's temporary ineligibility for transfer to a different position was noted directly to plaintiff on each corrective action he received. (DE 34-1 at 37, 40, 43). The court has reviewed the additional arguments raised by plaintiff in his objections and determines that they do not alter the cogent analysis set forth in the M&R.

## CONCLUSION

Based on the foregoing, the court adopts the M&R and GRANTS defendant's motion for summary judgment (DE 29). The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge